## Peters Packing Company, Inc., Appellant, v. Oswald and Hess Company.

Argued March 21, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Ralph H. Demmler,* of *Hirsch, Shumaker, Demmler & Bash,* and *L. G. Curry,* for appellant.

*Eli E. Reich,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 10, 1939:

Plaintiff makes a sausage which it labels "NOLINK," defendant one which it brands "LONG LINK." Plaintiff seeks to enjoin the use by defendant of the designation "LONG LINK," on the ground that the words violate its trade-mark and constitute unfair competition.

The chancellor dismissed the bill, mainly on the ground that the terms used were not deceptively similar. From the decree of dismissal plaintiff appeals.

Appellant contends that its name "NOLINK" is a distinctive trade name and that it has a method of using this name in stamping and advertising which defendant largely imitates. It is alleged that defendant is marking its commodity with the name "LONG LINK" in the same color of ink, same size of type, and in the same position on the sausages as plaintiff, all of which is emphasized in the latter's advertising. Plaintiff's sausage is stuffed into gut containers but has no links, defendant's is similarly contained, but the links are long, twelve inches. When exposed for sale, plaintiff's sausage is curled in rings in the cartons, defendant's lies straight.

An inspection of the exhibits attached to the record does not give us the impression, that an ordinarily observant person would be misled as to which sausage he was buying by the legend on the cartons, or the branding of the sausage itself. On the one carton appears "PETERS NOLINK PURE PORK SAUSAGE" and "PETERS PACKING CO'S NOLINK PORK SAUSAGE";

on the other "DELICIOUS BRAND LONG LINK HOME MADE PORK SAUSAGE MANUFACTURED EXCLUSIVELY BY OSWALD & HESS CO." On the sausage itself is stamped in the one instance the single word "NOLINK" and in the other the two words "LONG LINK." The curled sausage in the one differs entirely in appearance from the straight sausage in the other, as the appended copies of the photographs show. Each is readily distinguishable from the other. The words "LONG LINK" and the coined one "NOLINK" are so different in appearance and in their implications that even "he who runs," reading, would appreciate the difference. No one would be misled into thinking the one was the other who could read, and he who could not would understand neither.

In *Quaker State Oil Refining Co. v. Steinberg,* 325 Pa. 273, 189 A. 473, and in the more recent case of *Stroehmann Bros. v. Manbeck Baking Co.,* 331 Pa. 96, 200 A. 97, we have had occasion to review the principles governing controversies such as this, and they need not be repeated; it is sufficient to say that no deception was shown, and it was not demonstrated that there is likelihood that the public will be confused in the belief that defendant's product is that of plaintiff.

Plaintiff assigns for error the rulings of the court below on the introduction of certain evidence. Plaintiff called as a witness a meat dealer, and attempted to prove by him that, if plaintiff's sausage was cut in strips and placed lengthwise in a tray, and defendant's brand was likewise displayed, the public would be confused between the two. There was evidence that some dealers utilized this method of display. Defendant's packages are so arranged that its sausage can be displayed in the package itself. The mere fact that certain dealers might market the sausage in such a way as to cause confusion would not entitle plaintiff to the relief here requested: *Phila. Dairy Products v. Quaker City Ice Cream Co.,* 306 Pa. 164, 159 A. 3. For the same reason, the court properly

excluded evidence to the effect that certain dealers had palmed off the defendant's product as that of plaintiff. "If there was any such effort to deceive the public, the dealers to whom the defendant sold its product and not defendant itself were legally responsible for it": *Phila. Dairy Products v. Quaker City Ice Cream Co.,* supra, at p. 173.

The decree is affirmed at appellant's cost.